UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICKY JOSEPH VELLMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17CV1451 HEA |
| ) | |
| ST. LOUIS COUNTY DEPT. OF JUST. ) | |
| SERVICES, et. al., ) | |
| ) | |
| Defendants. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no.1343), an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will not assess an initial partial filing fee at this time.[1] *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order plaintiff submit an amended pleading within thirty (30) days of the date of this Memorandum and Order.

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is

---

[1] A review of plaintiff's prison account statement shows that he has an almost zero account balance at this time.

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Original Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are Herbert Bernsen and St. Louis County Department of Justice Services. Defendants are named in their official and individual capacities.

Plaintiff asserts that he has suffered various medical difficulties after having a stroke. He claims that he has not been given proper follow-up care from the stroke. He also claims that he has had low back pain, nerve damage in his arms and hands, high blood pressure and seizures but he has gone for as long as thirty (30) days without the proper medications.

Plaintiff alleges that his health has significantly suffered since he has been incarcerated at the St. Louis County Justice Center, and he states that Herbert Bernsen, the Director of Correctional Medical, is aware of his condition and has failed to resolve his complaints after multiple grievances. Plaintiff also states that Nurse Kearney, a Nurse Supervisor, and Major Swim, are also aware of his complaints and have failed to resolve his issues. But as to these three defendants, plaintiff has failed to allege exactly what specific treatment he has asked for and been denied and when the purported treatment has been denied by defendants. Plaintiff seeks monetary damages and injunctive relief.

**Discussion**

Plaintiff has sued defendants in their "official capacities." Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of St. Louis County or Corizon Health was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint currently fails to state a claim upon which relief can be granted with respect to plaintiff's official capacity claims.

Additionally, as plaintiff's complaint is currently written with respect to his individual capacity claims, the only defendants personally involved in allegedly violating his constitutional rights are Herbert Bernsen, Nurse Kearney and Major Swim. However, plaintiff has failed to properly allege specific allegations of deliberate indifference to his medical needs with respect to these three defendants. For example, plaintiff has failed to allege that he asked for medical care on a specific date and was denied care by a specific defendant on that date. Or that a specific defendant knew of plaintiff's need for medical care on a specific date but that the defendant was deliberately indifferent to plaintiff's need for care, relative to one specific illness, on that particular date.

In order to show liability under § 1983, a plaintiff must allege that a state actor was directly responsible for an alleged violation of plaintiff's purported deprivation of rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a

3

causal link to, and direct responsibility for, the alleged deprivation of rights.");*see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). As a result, even if plaintiff had made allegations against the defendants in their individual capacities, he has not clearly alleged personal responsibility for an Eighth Amendment violation on behalf of defendants Bernsen, Swim and Kearney.[2]

Given that plaintiff's claims are subject to dismissal as currently claimed, the Court will allow plaintiff to amend his complaint on a court-provided form. Plaintiff has thirty (30) days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth here. All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a).

**Additionally, plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint.** *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered**. *Id*. **The allegations in the complaint must show how each and every defendant is directly responsible for the alleged harms**. **If plaintiff wishes to sue defendants in their individual**

---

[2] Plaintiff's claim against the St. Louis County Justice Center is legally frivolous because it cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

4

**capacities, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal**.

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on the Court's form within thirty (30) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

In anticipation of plaintiff's amended complaint, the Court will deny plaintiff's motion for appointment of counsel, without prejudice. Plaintiff may once again motion for appointment of counsel if he so chooses after the Court re-evaluates his amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that no filing fee will be assessed at this time.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #6] is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice. If the case is dismissed for non-compliance with this

Order, the dismissal will **not** count as a "strike" under 28 U.S.C. § 1915(g).

Dated this 4th day of August, 2017

*/s/ Henry Edward Autrey*
_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
_____ DIVISION

|                                                    |   |
|----------------------------------------------------|---|
| _____                   | ) |
|                                                    | ) |
| _____                   | ) |
|                                                    | ) |
| _____                   | ) |
| (Enter above the full name of the                  | ) |
| Plaintiff in this action. Include prison           | ) |
| registration number.)                              | ) |
|                                                    | ) |
| v.                                                 | ) |
|                                                    | ) Case No. _____
| _____                   | ) (To be assigned by Clerk)
|                                                    | ) |
| _____                   | ) |
|                                                    | ) |
| _____                   | ) In what capacity are you suing the
|                                                    | ) defendants?
| _____                   | ) |
|                                                    | ) ☐   Official
| (Enter above the full name of **ALL** Defend-      | ) ☐   Individual
| ant(s) in this action. Fed. R. Civ. P. 10(a)       | ) ☐   Both
| requires that the caption of the complaint         | ) |
| include the names of **all** the parties. Merely   | ) |
| listing one party and "et al." is insufficient.    | ) |
| Please attach additional sheets if necessary.      | ) |

**PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983**

I.  PLACE OF PRESENT CONFINEMENT: _____

    _____

II. PREVIOUS CIVIL ACTIONS:

    A.  Have you brought any other civil actions in state or federal court dealing with the same facts involved in this action or otherwise relating to your confinement?

        YES   [ ]              NO   [ ]

B.  If your answer to "A" is YES, describe the action(s) in the space below. If there is more than one action, you must describe the additional action(s) on a separate piece of paper, using the same format as below.

1.  Parties to previous civil action:

    Plaintiff: _____

    _____

    Defendant(s): _____

    _____

2.  Court where filed: _____

3.  Docket or case number: _____

4.  Name of Judge: _____

5.  Basic claim made: _____

    _____

    _____

6.  Present disposition (Is the case still pending? Is it closed? If closed, was it appealed?):

    _____

III. GRIEVANCE PROCEDURES:

A.  Is there a prisoner grievance procedure at the institution in which you are incarcerated?

    YES  [ ]          NO  [ ]

B.  Have you presented this grievance system the facts which are at issue in this complaint?

    YES  [ ]          NO  [ ]

C. If your answer to "B" is YES, what steps did you take: _____

_____

_____

D. If your answer to "B" is NO, explain why you have not used the grievance system:

_____

_____

IV. PARTIES TO THIS ACTION:

    A. Plaintiff

        1. Name of Plaintiff: _____

        2. Plaintiff's address: _____

        3. Registration number: _____

    B. Defendant(s)

        1. Name of Defendant: _____

        2. Defendant's address: _____

        3. Defendant's employer and job title: _____

_____

        4. Additional Defendant(s) and address(es): _____

_____

_____

V.  COUNSEL

   A.   Do you have an attorney to represent you in this action?

        YES   [  ]                    NO   [  ]

   B.   If your answer to "A" is NO, have you made an effort to contact an attorney to represent you in this matter?

        YES   [  ]                    NO   [  ]

   C.   If your answer to "B" is YES, state the name(s) and address(es) of the attorneys you contacted and the results of those efforts:

        _____

        _____

        _____

   D.   If your answer to "B" is NO, explain why you have not made such efforts:

        _____

        _____

   E.   Have you previously been represented by counsel in a civil action in this Court?

        YES   [  ]                    NO   [  ]

   F.   If your answer to "E" is YES, state the attorney's name and address:

        _____

        _____

VI. Statement of claim (State as briefly as possible the facts of your case. Describe how each defendant is involved. You must state exactly what each defendant personally did, or failed to do, which resulted in harm to you. Include also the names of other persons involved, dates, and places. Be as specific as possible. State your claims in numbered paragraphs. You may use additional paper if necessary):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

VII. RELIEF

   State briefly and exactly what you want the Court to do for you. Do not make legal arguments. (Note: If you are a **state** prisoner and you seek from this Court relief that affects the length or duration of your imprisonment, your case **must** be filed on a § 2254 form.)

   _____
   _____
   _____
   _____
   _____

VIII. MONEY DAMAGES:

   A) Do you claim either actual or punitive monetary damages for the acts alleged in this complaint?

      YES ☐     NO ☐

   B) If your answer to "A" is YES, state below the amount claimed and the reason or reasons you believe you are entitled to recover such money damages:

   _____
   _____
   _____

IX. Do you claim that the wrongs alleged in the complaint are continuing to occur at the present time?

       YES  [ ]         NO  [ ]


_____          _____
Signature of attorney or pro se Plaintiff          Date